UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JANELLE JAMISON** | * | **CIVIL ACTION NO.:** |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **FLOOR AND DECOR OUTLETS OF AMERICA, INC. D/B/A FLOOR & DECOR, AND SAFETY NATIONAL CASUALTY CORPORATION** | * * | **MAGISTRATE:** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANTS FLOOR AND DECOR OUTLETS OF AMERICA, INC. D/B/A/ FLOOR AND DECOR AND SAFETY NATIONAL CASUALTY CORPORATION'S NOTICE OF REMOVAL

Defendants, Floor and Decor Outlets of America, Inc. d/b/a Floor and Decor and Safety National Casualty Corporation (collectively "Defendants") hereby remove to this Court the state court action described below.

1. Janelle Jamison ("Jamison" or "Plaintiff") commenced this action seeking to recover for damages allegedly sustained in a slip and fall that occurred on or about May 13, 2021.

2. The Petition for Damages names Floor and Decor and Safety National, diverse non-Louisiana entities, as the only defendants.

3. This action was filed in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, captioned *Janelle Jamison v. Floor and Decor Outlets of America, Inc. d/b/a Floor and Decor and Safety National Casualty Corporation,* No. 828-250, Div. M.

4. This Court has jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441. There is complete diversity of citizenship, and the amount in controversy likely exceeds the sum of $75,000, exclusive of interests and costs.

5. Defendants have attached all pleadings filed in the record of the state court proceeding. *See* Ex. A.

### This Removal is Timely.

6. This Notice of Removal is timely filed under 28 U.S.C. § 1446. The statute provides,

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

7. Defendants were served with the Petition on June 3, 2022, and their removal is filed within thirty days after service.

8. Moreover, plaintiff filed her Petition on May 13, 2022, so this removal is filed within one year of commencement of the action.

### The Parties are Completely Diverse.

9. Janelle Jamison is alleged to be a citizen of the State of Louisiana. *See* Ex. A at p. 1, opening paragraph.

10. Floor and Decor is a foreign corporation incorporated under the laws of Delaware with its principal place of business in Atlanta, Georgia. *See*, Louisiana Secretary of State print-out, attached as Ex. B.

11. Safety National is a foreign insurance company incorporated under the laws of Missouri with its principal place of business in Missouri. *See*, Louisiana Dept. of Ins. print-out, attached as Ex. C.

2

272467854v.3
272467854v.3

### The Amount in Controversy Exceeds $75,000

12. As required by Louisiana law, the Petition is silent as to the amount in controversy. Therefore, the removing party "must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The removing party can meet this burden by demonstrating that it is facially apparent from the Petition that the claims likely are above $75,000 or, where it is not facially apparent, by setting forth facts in controversy that support such finding. *Id.* at 1253-54.

13. In order to defeat federal court jurisdiction, a plaintiff must "show[] to a legal certainty that the amount in controversy does not exceed $75,000." *Smith v. Flores,* No. 10-586-BAJ-SCR, 2010 WL 5149112, at * 2 (M.D. La. 2010). "A plaintiff may do so by citing to a state law that prohibits the recovery of damages in excess of the amount prayed for in the complaint . . . [or] [i]n the absence of such a statute, a plaintiff must file a binding stipulation or affidavit with the complaint in order to defeat removal of the action to federal court." *Id.* (emphasis added).

14. In this case, Jamison alleges to have sustained "very serious bodily injuries" as a result of a fall and seeks to recover damages for "physical pain and suffering", "mental anguish and emotional trauma", "emotional distress", "loss of enjoyment of life", and "medical, hospital, and pharmaceutical expenses"—each of which she seeks to recover past, present, and future damages. *See* Ex. A. at pp. 1, 4 at ¶¶4, 14. The Fifth Circuit Court of Appeal has found the amount in controversy requirement was met where similar damages were sought. *See Gebbia v. Wal-Mart Stores, Inc.* 233 F.3d 880, 883 (5th Cir. 2000) (the amount in controversy requirement was met where plaintiff sought damages for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement.").

15. In sum, considering the allegations of the Petition, the amount in controversy here likely exceeds $75,000. And as demonstrated above, there is complete diversity of citizenship between the plaintiff and the Defendants.

**WHEREFORE,** Floor and Decor and Safety National respectfully request that this Court assume full jurisdiction over the cause herein as provided by law.

Respectfully submitted,

*/s/ Elise Madere Lee*
Kimberly R. Silas, 33371
Elise Madere Lee, 35897
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
650 Poydras Street, Suite 2200
New Orleans, Louisiana 70130
Telephone: (504) 702-1710
Facsimile: (504) 702-1715
kimberly.silas@wilsonelser.com
elise.maderelee@wilsonelser.com
*Attorneys for Floor and Decor and Safety National*

## CERTIFICATE

I hereby certify that a copy of the above and foregoing Notice of Removal, has been served upon all counsel of record by facsimile, hand delivery, electronic mail, and/or placing same in the United States mail, postage prepaid and properly addressed, this 1st day of July 2022.

*/s/ Elise Madere Lee*
Elise Madere Lee